## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RUTHIE ANN CUSHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-20-02-RAW-SPS** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

The claimant Ruthie Ann Cusher requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy[.]" *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was sixty-one years old at the time of the administrative hearing (Tr. 56, 60). She has a high school education and has worked as a retail manager and cashier (Tr. 62, 77). The claimant alleges that she has been unable to work since February 15, 2018, due to problems with her back, hips, and knees (Tr. 241).

## Procedural History

On February 28, 2018, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 36, 215-24). Her applications were denied. ALJ Michael Mannes conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 22, 2019 (Tr. 36-44). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b), 416.967(b) with frequent balancing; occasional stooping,

kneeling, crouching, crawling, and climbing ramps or stairs; and never climbing ladders, ropes or scaffolds (Tr. 40). The ALJ then concluded that the claimant was not disabled because she could return to her past relevant work as a cashier/salesclerk and retail manager as generally performed (Tr. 43-44).

## Review

The claimant contends that: (i) the ALJ improperly determined she could return to her past relevant work, and (ii) the Appeals Council erred in its treatment of the additional evidence she submitted after the ALJ issued his decision. Because the undersigned Magistrate Judge agrees with the claimant's second contention, the decision of the Commissioner should be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of age indeterminate L4 vertebral compression deformity, osteoarthritis, and obesity, but that her mild dehydration, allergic rhinitis, sinusitis, strep throat, pharyngitis, vitamin D deficiency, dizziness, skin tags, glossitis, and periodontal disease were nonsevere (Tr. 38-39). The medical evidence relevant to this appeal reveals that the claimant was diagnosed with osteoarthritis of the left hip in March 2016, but next sought treatment for it on February 26, 2018 (Tr. 356-60). She reported her pain began three days earlier, rated it at "10/10" the night before, and requested a physical therapy referral (Tr. 359). Nurse practitioner Kylah Clifft referred the claimant for a left hip x-ray, the results of which revealed an age indeterminate L4 vertebral compression deformity and no acute findings involving the left hip joint (Tr. 359-60, 369). On March 13, 2018, the claimant reported back pain that she

rated at eight on a ten-point scale (Tr. 361). Examinations performed by Dr. Seals were normal (Tr. 361-63). At a follow-up appointment in April 2018, the claimant denied pain and conveyed that she did not want a physical examination performed that day (Tr. 364-65). On July 5, 2018, the claimant presented to Ms. Clifft and reported an increase in the right hip pain that she had been experiencing for years (Tr. 401-02). Ms. Clifft ordered a cane and referred her for osteopathic manipulative treatment (Tr. 402).

State agency physician Nabeel Uwaydah, M.D. completed a physical RFC assessment on April 25, 2018, and found the claimant could perform work at all exertional levels with occasional climbing, stooping, kneeling, crouching, and crawling (Tr. 104-06). Upon review, state agency physician Ronald Painton, M.D. completed a physical RFC assessment on June 15, 2018, and found the claimant could perform light work with frequent climbing ramps/stairs and occasional climbing ladders/ropes/scaffolds, stooping, kneeling, crouching, and crawling (Tr. 117-19).

At the administrative hearing, the claimant testified that she was unable to work due to pain in her hips, knees, and left foot (Tr. 64-66). She stated that her hip pain is constant and that she lies down three or four times per day and takes ibuprofen to relieve it (Tr. 69). The claimant also indicated that she uses a cane "all the time" and can walk approximately 1,200 feet when using it, but only sixty feet without it due to pain (Tr. 68-69). As for daily activities, the claimant testified she could shower, get dressed, prepare meals, do laundry, sweep floors, and do dishes but further indicated that these activities take her "a little longer." (Tr. 70-71).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well most of the medical evidence contained in the record before him (Tr. 40-43). In discussing the opinion evidence, the ALJ found Dr. Painton's opinion was "generally persuasive" because it was consistent with the claimant's mild to benign findings on exam and her conservative treatment, but noted he did not have an opportunity to review all of the evidence presented at the hearing level (Tr. 43). The ALJ found the claimant's subjective statements were not entirely consistent with the evidence, including no significant abnormal musculoskeletal findings on physical exam, her conservative treatment, and her lack of pain complaints on numerous visits (Tr. 40-43). Nonetheless, the ALJ further limited the claimant to frequent balancing and never climbing ladders/ropes/scaffolds due to her back and osteoarthritis complaints (Tr. 42).

Following the issuance of the ALJ's written opinion, the claimant submitted additional evidence to the Appeals Council (Tr. 6-30). Included in that submission were numerous statements completed by Dr. Larry Lewis on June 25, 2019, including a physical RFC assessment as well as forms regarding unskilled work requirements, sedentary work requirements, and a clinical assessment of pain (Tr. 6-15). Dr. Lewis indicated on the sedentary work requirement form, *inter alia,* that the claimant could not stand/walk up to two hours in an eight-hour workday, sit up to six hours, lift/carry up to ten pounds, sustain activity at a pace and with the attention to task as would be required in the competitive workplace, or attend any employment on a sustained basis (Tr. 9). On the RFC questionnaire, he indicated that the claimant could sit or stand/walk for less than two hours

total in an eight-hour workday, could occasionally lift/carry less than ten pounds, would need unscheduled breaks, and required an assistive device (Tr. 12).  As to postural limitations, Dr. Lewis found the claimant could never stoop, crouch, or climb ladders or stairs; could rarely look down; and could either rarely or never twist (Tr. 13).  He opined the claimant would be absent from work more than four days per month and indicated the limitations he found had been applicable since February 1, 2018, while noting the claimant's hip pain began in July 2017 (Tr. 13-14).

The claimant contends that the Appeals Council erred by failing to consider her newly submitted additional evidence and the undersigned Magistrate Judge agrees as to Dr. Lewis' opinion evidence.  In denying the claimant's request for review, the Appeals Council acknowledged the claimant's additional evidence, but determined it did not "show a reasonable probability that it would change the outcome of the decision," and did not exhibit the additional evidence or otherwise make it part of the record (Tr. 1- 3). Thus, the Appeals Council found the claimant's additional evidence did not qualify for consideration, and therefore did not consider it.  *See Padilla v. Colvin,* 525 Fed. Appx. 710, 713 (10th Cir. 2013) (unpublished) ("[T]he Appeals Council's dismissal of the additional evidence's import on [one of] the grounds [listed in 20 C.F.R. §§ 404.970, 416.1470]  indicates that it ultimately found the evidence did not qualify for consideration at all.").  *See also Martinez v. Barnhart,* 444 F.3d 1201, 1207 (10th Cir. 2006) (finding that the Appeals Council implicitly determined newly submitted evidence qualified for consideration by making it part of the record).

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart,* 353 F.3d 1185, 1191 (10th Cir. 2003). The Appeals Council must consider additional evidence if "it is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) (effective January 17, 2017 to December 15, 2020). If the Appeals Council fails to consider qualifying additional evidence, "the case should be remanded for further proceedings." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). However, if the additional evidence does not qualify for Appeals Council consideration, "it plays no further role in judicial review of the Commissioner's decision." *Id.*

In addition, the claimant must show "good cause" for not submitting the additional evidence for the ALJ's consideration. 20 C.F.R. §§ 404.970(b), 416.1470(b) (effective January 17, 2017 to December 15, 2020). As an initial matter, the undersigned Magistrate Judge notes that he Appeals Council did not reject the claimant's additional evidence because she failed to meet this "good cause" requirement and the Commissioner does not assert that the claimant failed to demonstrate good cause for not submitting the evidence earlier. Assuming *arguendo* that the claimant has met this requirement, the undersigned Magistrate Judge addresses to the remainder of the analysis below.

Evidence is new if it "is not duplicative or cumulative." *Threet*, 353 F.3d at 1191, *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991).

Dr. Lewis' opinion evidence is clearly new evidence. It does not appear elsewhere in the record, it was never presented to the ALJ prior to his decision, and Dr. Lewis did not opine as to the claimant's limitations in the treatment records the ALJ did review; thus, his statements are neither duplicative nor cumulative.

Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191.[2]   The evidence must "reasonably [call] into question the disposition of the case." *Id*.  *See also Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at *2 (10th Cir. April 23, 1996) (unpublished table opinion).  Here, Dr. Lewis was the only provider in the entirety of the record who opined as to the claimant's functional limitations and he concluded that she was not capable of performing unskilled or sedentary work due to multi-joint degenerative joint disease and pain in her hips, knees, and feet.  This evidence suggests the claimant has impairments discounted or completely unaccounted for in the RFC, and therefore has the reasonable probability of changing the outcome in this case.  Thus, Dr. Lewis' opinion evidence is clearly material.

Finally, evidence is chronologically relevant if it relates to "the period on or before the date of the [ALJ's] hearing decision*." Chambers,* 389 F.3d at 1143 (internal quotation

---

[2] The Tenth Circuit has not revisited its definition of materiality as involving a "reasonable *possibility*" after the 2017 amendments added the phrase "reasonable *probability*" to the relevant regulations.   20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).   The District of New Mexico, however, has interpreted the new requirement as a "heightened materiality standard."  *See Copelin v. Saul,* 2019 WL 4739536, at *7 (D.N.M. September 27, 2019), *citing Bisbee v. Berryhill*, 2019 WL 1129459, at *3n.5 (D.N.M. March 12, 2019) ("The requirement that a claimant show a reasonable *probability* that the additional evidence would change the outcome of the decision is read as a heightened materiality standard.").   The parties in this case do not contend that the outcome depends on which standard is applied and, in any event, the undersigned Magistrate Judge concludes that the evidence meets both standards.

omitted). Dr. Lewis indicated the limitations he identified applied as early as February 2018, making it retrospective to the relevant period (Tr. 14). His records further include a diagnosis of multi-joint degenerative joint disease, which is synonymous with the claimant's severe impairment of osteoarthritis, and a reference to the claimant's hip pain, for which she had previously been prescribed a cane, as support for his limitations (Tr. 6, 10, 38, 401-02). Thus, Dr. Lewis' opinion evidence is chronologically relevant to the ALJ's decision.

Therefore, Dr. Lewis' opinion evidence presented by the claimant after the ALJ's decision *does* qualify as new, material, and chronologically relevant, and has a reasonable probability of changing the outcome of the ALJ's decision evidence pursuant to 20 C.F.R. §§ 404.970(a), 416.1470(a) and the undersigned Magistrate Judge finds that the Appeals Council erred in failing to consider it. Accordingly, the undersigned Magistrate Judge recommends this case be remanded to the Appeals Council to determine whether, upon consideration of the claimant's additional qualifying evidence, the ALJ's decision is supported by substantial evidence. *See Chambers,* 389 F.3d at 1143 (holding that following the submission of additional, qualifying evidence, the Appeals Council has the responsibility to determine "in the first instance. . .whether the ALJ's decision is contrary to the weight of the evidence currently of record.") (internal quotation omitted).

### Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the Appeals Council. The undersigned

-10-

Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings as set forth above. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

    **DATED** this 23rd day of February, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**